UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-206-NAB |
| ) | |
| BENJAMIN QUICK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael E. Cox, an inmate at the Scott County Jail, for leave to commence this civil action without prepayment of the required filing fee. The Court has reviewed the motion and the financial information submitted in support, and will grant the motion and waive the initial partial filing fee. Additionally, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of a state court criminal case against plaintiff arising from the same facts.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff submitted an inmate account statement in support of the instant motion. The statement begins with the period from December 28, 2017 through September 20, 2018, on which date plaintiff's inmate account was closed. The statement begins again on June 11, 2019, indicating that plaintiff's inmate account was opened with a $70 cash deposit. Also on that date, plaintiff's account balance was reduced to zero after four inmate bills were paid. There are no entries following this date. Because the only relevant financial information before the Court indicates that plaintiff's account balance is zero, the Court will allow plaintiff to bring this action without paying an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

2

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Detective Benjamin Quick, a law enforcement officer employed by the Sikeston Police Department. He sues Quick in his individual capacity. He alleges as follows.

On the evening of June 1, 2019, plaintiff had a physical altercation with one Robert Steele. Steele punched plaintiff, and plaintiff "cut Mr. Steele in self defense." Plaintiff spent the night at a house, and the "next thing [he knew] there was a warrant for [his] arrest from Det. Quick who have been [*sic*] trying to get me to snitch for him and who has been harassing plaintiff." Quick went to the St. Francis Trauma Center and met with Steele. Steele told

3

plaintiff's niece that Quick told him to identify plaintiff from a photo, and Steele also said he never told Quick anything that appears in the probable cause affidavit. Plaintiff alleges that everything Quick said in the probable cause affidavit was a lie, that Quick wrongfully stated that plaintiff had a long and violent criminal history and should be removed from the community, and that Quick set him up. In sum, plaintiff can be understood to claim that Quick violated his Fourth Amendment rights by preparing a false probable cause affidavit to use as a basis for an arrest warrant. *Moody v. St. Charles County*, 23 F.3d 1410, 1411-12 (8th Cir. 1994) (holding allegation that false affidavit was basis for arrest warrant is sufficient to state § 1983 Fourth Amendment claim against affiant officer). Plaintiff does not describe the relief he seeks from this Court, but he does state that his pending state court criminal case should be dismissed.

Attached to the complaint are copies of the probable cause statement, arrest warrant, and other documents from plaintiff's state court criminal case *State of Missouri v. Michael Edward Cox*, No. 19SO-CR00525-01 (33rd Jud. Cir. 2019). These documents show that plaintiff was charged with first degree assault, unlawful use of a weapon, armed criminal action, and another charge in connection with his actions against one Robert Steele on June 1, 2019. The Court has independently reviewed the records of that case on Missouri Case.net, the State of Missouri's online docketing system. As of the date of this Memorandum and Order, it remains pending.

**Discussion**

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed

4

that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts Fourth Amendment claims of unlawful arrest and incarceration. The principles of *Wallace* dictate that further consideration of these claims should be stayed until the state court criminal case currently pending against plaintiff has been fully resolved through the criminal, appellate and post-conviction processes. This case will therefore be administratively closed, and can potentially be reopened by plaintiff's filing of a motion to reopen after the final disposition of the pending criminal case and any and all appellate and post-conviction proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.** The Court will not assess an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** and this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the state court criminal proceedings against plaintiff in *State of Missouri v. Michael Edward Cox*, No. 19SO-CR00525-01 (33rd Jud. Cir. 2019), followed by the final disposition of any appellate and post-conviction

proceedings. This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 21st day of November, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE