**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| MICHAEL E. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          No. 1:19-cv-206-NAB |
| | ) |
| BENJAMIN QUICK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This administratively-closed civil case is now before the Court upon plaintiff's motion to reopen. The motion will be granted, and the Court will permit plaintiff to proceed on the Fourth Amendment claims he asserts in his original complaint against the defendant in his individual capacity. Additionally, plaintiff will be instructed to submit an updated certified inmate account statement, for the purposes of determining his current ability to pay an initial partial filing fee.

The background of this case is fully set forth in this Court's November 21, 2019 order. However, following is a brief recitation. Plaintiff is an inmate at the Southeast Correctional Center. He initiated this action on November 15, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against law enforcement officer Benjamin Quick. Plaintiff averred that Quick was a detective in the Sikeston Department of Public Safety, and he sued him in his individual capacity. He filed a motion for leave to proceed *in forma pauperis*, along with an inmate account statement. Upon review of plaintiff's financial information, the Court concluded that the motion should be granted, and that plaintiff should not be required to pay an initial partial filing fee at that time.

In the complaint, plaintiff averred he was a defendant in a pending criminal case styled *State of Missouri v. Michael Edward Cox*, No. 19SO-CR00525-01 (33rd Jud. Cir. 2019). Upon independent review of that case on Case.net, the State of Missouri's online docketing system, the Court noted that it was ongoing, and that plaintiff was charged with, *inter alia*, first degree assault, unlawful use of a weapon, and armed criminal action. The charges arose from a June 1, 2019 incident involving plaintiff and one Robert Steele. Liberally construed, the complaint asserted Fourth Amendment claims of false arrest, false imprisonment, and knowingly filing a false affidavit to secure an arrest warrant. Pursuant to the principles dictated in *Wallace v. Kato,* 549 U.S. 384 (2007), the Court stayed the action and administratively closed it. Plaintiff was advised he could move to reopen the case upon the final disposition of the pending criminal case, along with any and all appellate and post-conviction proceedings.

In the motion now before the Court, plaintiff avers, *inter alia*, that "all charges that Detective Quick lied on me they dismissed them." (ECF No. 6). He also avers that his criminal case was dismissed. An independent search for *State of Missouri v. Michael Edward Cox*, No. 19SO-CR00525-01 returned no results. Plaintiff asks this Court to reopen this civil action, and he does not indicate that he wishes to file an amended pleading. Based upon plaintiff's averments, it appears it is appropriate to reopen this case and allow him to proceed on his original complaint. Accordingly, the Court will grant plaintiff's motion, and direct the Clerk to reopen this case and to issue process or cause process to be issued upon the defendant. Additionally, as noted above, the Court will require plaintiff to submit an updated certified inmate account statement detailing his inmate account for the preceding six months, for the purpose of determining his current ability to pay an initial partial filing fee. A "certified" inmate account statement is one that has been certified by an appropriate prison official that it is a true and correct statement.

2

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall reopen this action.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall file an updated certified inmate account statement detailing his inmate account for the preceding six months. Plaintiff's failure to timely comply with this order may result in the dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon the original complaint as to the defendant, Detective Benjamin Quick. Defendant shall be served by issuance of summons and service by the U.S. Marshals Service at the Sikeston Department of Public Safety, 101 S. Kingshighway, Sikeston, Missouri 63081.

**IT IS FURTHER ORDERED** that defendant shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of May, 2020.