## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-206-NAB |
| | ) |
| BENJAMIN QUICK, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Benjamin Quick's ("Defendant") Motion to Compel. (Doc. 24.) Defendant asks the Court for an order compelling *pro se* Plaintiff Michael Cox ("Plaintiff") to produce full and complete discovery responses and his availability for deposition. Plaintiff has not opposed the motion, and the time to do so has passed. Based on the following, the Court will deny Defendant's motion without prejudice.

In the motion, Defendant states that on December 7, 2020, Defendant sent a letter to Plaintiff requesting Plaintiff's deposition availability and propounding initial Interrogatories and Requests for Production of Documents. Defendant's letter informed Plaintiff that pursuant to the Federal Rules of Civil Procedure and the Court's Case Management Order, Plaintiff must produce his responses and documents no later than January 6, 2021. (December 7, 2020 Letter to Plaintiff, Doc. 24-1.) Defendant states that as of the date of Defendant's motion, January 4, 2021, Defendant failed to respond to provide responses or his deposition availability. On January 4, 2021, Plaintiff sent another letter to Plaintiff to follow up on the requests. (January 4, 2021 Letter to Plaintiff, Doc. 24-2.)

Defendant's motion is premature for two reasons. First, at the time Defendant filed his motion, Plaintiff's discovery responses were not yet due. The Federal Rules require the responding party to answer and object to interrogatories and requests for production within thirty days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Here, thirty days after service of Defendant's discovery requests is January 6, 2021. However, Plaintiff is not represented by counsel. Although Defendant does not specify the method by which he sent Plaintiff letters and served discovery requests, the Court presumes these documents may have been served via mail to Plaintiff's home address. When service is made by mail, the Court utilizes the "mailbox rule," adding three days to the specified time period following service. *See* Fed. R. Civ. P. 6(d). Thus, if Defendant served his discovery requests to Plaintiff via mail, Plaintiff's deadline to respond was Monday, January 11, 2021, not January 6, 2021. Regardless of Defendant's service method, it is clear that Plaintiff's responses were not yet due on the date Defendant filed his motion to compel.[1]

Second, Defendant's motion violates the Court's Local Rules and the undersigned's requirements[2] because it does not contain a certification detailing the parties' efforts to resolve the dispute prior to filing the motion. The Court reminds the parties that these requirements mean that the parties will make a sincere effort to resolve any disputes in good faith, not merely send written correspondence on the date of filing a motion. *See* E.D. Mo. L.R. 3.04.

---

[1] Defendant also cites to the Case Management Order's January 6, 2021 deadline for all discovery to be completed as a basis for Plaintiff's deadline. (Doc. 12.) However, the Case Management Order's completion of discovery deadline is not intended to shorten a responding party's time to respond under the Federal Rules. Rather, the Case Management Order is issued with the expectation that the requesting party will propound discovery requests in a timely manner to accommodate the discovery completion date. Should the parties need an extension of any deadlines in the Case Management Order, they should meet and confer on the schedule and file an appropriate motion including the basis for any extensions and the proposed amended deadlines.

[2] The undersigned's requirements can be found at
https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/nab.pdf.

Pursuant to the aforementioned rules and requirements, Defendant's motion is denied without prejudice. As of the date of this Order, Plaintiff's time to respond to Defendant's discovery requests has now expired. If Plaintiff has not timely served discovery responses or provided availability for a deposition, the Court encourages the parties to discuss Plaintiff's motion and attempt to resolve any outstanding discovery issues in good faith. However, should the parties be unable to reach a resolution, the Court will consider a request for a pre-motion discovery conference or any renewed motion to compel filed in compliance with the Local Rules and the undersigned's requirements.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel is **DENIED without prejudice**.  (Doc. 24.)

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of January, 2021.