## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-206-NAB |
| | ) | |
| BENJAMIN QUICK, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon a review of the file. Pursuant to 42 U.S.C. § 1983, Plaintiff Michael Cox ("Plaintiff") asserts Fourth Amendment claims of unlawful arrest and incarceration based on a false probable cause affidavit against Detective Benjamin Quick. Plaintiff is a self-represented litigant.

**1. Plaintiff's Failure to Notify the Court Regarding his Change of Address**

Plaintiff's filings reflect that he was incarcerated at the Southeast Correctional Center ("SECC") when he initiated this lawsuit. On October 19, 2020, a Court order that was mailed to Plaintiff at SECC was returned to the Court as undeliverable. On December 4, 2020, the Court began sending orders and other filings to a possible residential address in Sikeston, Missouri provided by the Missouri Board of Probation and Parole. No mail sent to the Sikeston, Missouri address has been returned to the Court as undeliverable.

Local Rule 2.06(B) states:

> Every self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number. If any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

Plaintiff has failed to comply with the Local Rules of this Court. Plaintiff is reminded that although he is proceeding pro se, he must comply with the Court rules and the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives); *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (declaring pro se parties are not excused from complying with procedural and substantive law).

Plaintiff must notify the Court and defense counsel of his current address and phone number within thirty (30) days. Failure to comply with this Order will result in dismissal of this case without prejudice and without further notice to Plaintiff.

**2. Defendant's Pending Motion to Compel and Motion for Summary Judgment**

On February 5, 2021, Defendant Benjamin Quick ("Defendant") filed a renewed motion to compel Plaintiff to produce full and complete discovery responses and to provide his availability for a deposition.[1] (Doc. 26.) On the same day, Defendant filed his motion for summary judgment. (Doc. 27.) In Defendant's Certification of Attempt to Resolve Discovery Disputes, counsel for Defendant memorializes unsuccessful attempts to contact Plaintiff regarding discovery. (Doc. 26-3.) Defendant sent correspondence and discovery requests to Plaintiff at the Sikeston mailing address. Defendant has also attempted to contact Plaintiff at two potential phone numbers that defense counsel found through a public records search. Plaintiff has not responded.

Pursuant to the Case Management Order entered in this case (Doc. 12), discovery was to be completed by January 6, 2021. Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's responses to Defendant's discovery requests were due on or about January 11, 2021. According to Defendant's renewed motion to compel, Plaintiff has not answered discovery

---

[1] Defendant's first motion to compel was denied without prejudice for failure to comply with the Court's meet and confer and certification requirements. (Doc. 25.)

requests nor made himself available for a deposition. If Plaintiff opposes Defendant's renewed motion to compel, Plaintiff must file his opposition within fourteen (14) days from the date of this Order. *See* Local Rule 4.01(B).

The Case Management Order also requires motions for summary judgment to be filed by February 5, 2021, and opposition briefs to be filed by March 8, 2021. Defendant filed a motion for summary judgment on February 5, 2021. Plaintiff's response is due on March 8, 2021. However, because it appears that the parties have not completed discovery, the Court will entertain a motion for an extension of time to respond to Defendant's motion for summary judgment, should Plaintiff need additional time and have good cause for his request. When Plaintiff does respond to Defendant's motion for summary judgment, Plaintiff's response must comply with Federal Rule of Civil Procedure 56 and Local Rule 4.01.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff will notify the Court and defense counsel of his current address and phone number no later than **March 9, 2021**. Failure to do so will result in dismissal of this case without prejudice and without further notice.

**IT IS FURTHER ORDERED** that any opposition to Defendant's motion to compel shall be filed no later than **February 26, 2021**.

**IT IS FURTHER ORDERED** that any opposition to Defendant's motion for summary judgment is currently due no later than **March 8, 2021**. Should Plaintiff need additional time, he must file a motion for an extension of time prior to the March 8, 2021 deadline and show good cause as a basis for an extension.

---

[2] The Court's Local Rules are located here: https://www.moed.uscourts.gov/sites/moed/files/CMECF_localrule.pdf.

Failure to comply with this Order may result in dismissal without prejudice.

                                                                         NANNETTE A. BAKER  
                                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of February, 2021.