UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-206-NAB |
| | ) | |
| BENJAMIN QUICK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon a review of the file. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On February 9, 2021, the Court ordered Plaintiff to notify the Court and defense counsel of his current address and phone number no later than March 9, 2021. The Court informed Plaintiff that "[f]ailure to do so will result in dismissal of this case without prejudice and without further notice."[1] (Doc. 28.) Plaintiff has failed to comply. Plaintiff has also failed to respond to discovery requests, Defendant's pending motion to compel, and Defendant's pending motion for summary judgment. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

Plaintiff Michael Cox is a self-represented litigant asserting Fourth Amendment claims of unlawful arrest and incarceration based on a false probable cause affidavit against Detective Benjamin Quick. Per the allegations in his Complaint filed on or around November 15, 2019,

---

[1] As explained in the Court's February 9, 2021 Order, pursuant to Local Rule 2.06(B), self-represented parties must promptly notify the Clerk and all other parties to any change of his address and telephone number. If mail to a self-represented plaintiff is returned to the Court without a forwarding address and the self-represented plaintiff does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice. E.D.Mo. L.R. 2.06(B).

1

Plaintiff had a physical altercation with an individual named Robert Steele and cut Mr. Steele in self-defense. Plaintiff was arrested based on a warrant prepared by Defendant, who had been "harassing" Plaintiff and "trying to get [Plaintiff] to snitch for him." Plaintiff alleges that everything in the probable cause affidavit was a lie and Defendant set him up. Plaintiff does not seek specific relief from the Court for this alleged Section 1983 Fourth Amendment violation, but does state that his state court criminal case should be dismissed. (Doc. 1.)

Upon an independent review of the state court criminal case referenced by Plaintiff in his Complaint, the Court noted that the case was ongoing, and Plaintiff was charged with, *inter alia,* first degree assault, unlawful use of a weapon, and armed criminal action arising from a June 1, 2019 incident involving Plaintiff and Mr. Steele.[2] On November 21, 2019, pursuant to the principles dictated in *Wallace v. Kato,* 549 U.S. 384 (2007), the Court stayed this action and administratively closed it. (Doc. 5.) On or about March 16, 2020, Plaintiff filed a motion to reopen the case, alleging that his criminal case was dismissed, and "all charges that Detective Quick lied on me they dismissed them." (Doc. 6.) An independent search for his criminal case returned no results. Accordingly, the Court granted Plaintiff's motion to reopen the case and allowed the case to proceed against Defendant on Plaintiff's original Complaint. (Doc. 7.)

At the time he initiated his case, Plaintiff was incarcerated at the Southeast Correctional Center ("SECC"). The Court sent Plaintiff filings from this case via mail to Plaintiff's attention at SECC. Beginning in the fall of 2020, more recent Court filings mailed to Plaintiff at SECC were returned to the Court as undeliverable. On December 4, 2020, the Court began sending orders and other filings to a possible residential address in Sikeston, Missouri provided by the Missouri Board

---

[2] Plaintiff's criminal case was styled *State of Missouri v. Michael Edward Cos,* No. 19S0-CR000525-01 (33rd Jud. Cir. 2019).

2

of Probation and Parole. No mail sent to the Sikeston address has been returned to the Court as undeliverable.

On February 9, 2021, the Court ordered Plaintiff to notify the Court and defense counsel of his current address and phone number no later than March 9, 2021. The Court gave Plaintiff meaningful notice of what was expected, gave him additional time beyond thirty days from the return of undeliverable mail to comply, and cautioned him that his case would be dismissed if he failed to comply. (Doc. 28.) To date, however, Plaintiff has neither complied with the Court's Order, nor sought additional time to do so.

This Court has typically dismissed actions without prejudice for failure to provide notice under Local Rule 2.06(B) only when other rule violations have occurred. *See, e.g., Warren v. Seago,* No. 4:05-CV-1389-MLM, 2006 WL 587582, at *1 (E.D. Mo. Mar. 3, 2006) (dismissing case where the plaintiff failed to comply with Local Rules and pay initial partial filing fee); *Kiderlen v. Div. of Adult Insts.*, No. 1:08-CV-138 LMB, 2009 WL 529592, at *1 (E.D. Mo. Mar. 2, 2009) (denying motion to reconsider where the plaintiff failed to provide updated address and to comply with a previous Court order).

Here, Plaintiff has violated additional orders. The February 9, 2021 Order also referred to Defendant's pending renewed motion to compel and motion for summary judgment.[3] The Court explained to Plaintiff that his response to the motion to compel was due on February 26, 2021, and his response to the motion for summary judgment was due on March 8, 2021. The Court ordered Plaintiff to respond to the motions, or if Plaintiff needed additional time, to file a motion for an

---

[3] As explained in the prior order, Defendant's motion to compel memorializes unsuccessful attempts to contact Plaintiff regarding discovery. (Doc. 26-3.) Defendant has been unable to reach Plaintiff, as Plaintiff had not notified the Court of his new mailing address after his release from SECC and did not respond to correspondence at the Sikeston mailing address. Defendant also attempted to contact Plaintiff at two potential phone numbers found through a public records search, without success.

extension of time prior to the March 8, 2021 deadline. (Doc. 28.) Defendant has not complied with the Court's Order to respond to Defendant's motions, nor sought additional time to do so.

Plaintiff has also failed to comply with the Case Management Order setting forth a now-expired discovery completion date of January 6, 2021. That Order specifies that failure to make discovery disclosures may result in sanctions, including dismissal. (Doc. 12.)

In light of Plaintiff's failure to comply with this Court's February 9, 2021 Order, failure to comply with Local Rule 2.06(B), the Case Management Order, and failure to respond to Defendant's motion to compel and motion for summary judgment, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *McConkey v. Yount*, No. 4:04-CV-908-TIA, 2006 WL 2035003, at *1 (E.D. Mo. July 17, 2006) (dismissing case where the plaintiff ignored discovery requests, failed to comply with Court orders, and did not update address).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel and Motion for Summary Judgment are both **DENIED** as moot. (Docs. 26, 27.)

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of April, 2021.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE